```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

TORMU E. PRALL,                   :
    Plaintiff,              :
                                  :               PRISONER
    v.                            :   CASE NO. 3:11-cv-393(JBA)
                                  :
SUSAN COCOCCIA, et al.,           :
    Defendants.             :

## RULING AND ORDER

On May 4, 2011, the court filed an Initial Review Order dismissing the complaint. See Doc. #6. The plaintiff timely filed a notice of appeal and, by mandate dated September 5, 2012, the Court of Appeals dismissed the appeal as lacking any basis in law or fact. See Doc. #10. The plaintiff now has filed a motion seeking to reopen judgment and obtain a preliminary injunction and temporary restraining order. For the reasons that follow, the plaintiff's motion is denied.

The plaintiff states that he filed this motion pursuant to Federal Rule of Civil Procedure 60(b). The rule provides several reasons to set aside a judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is

>           based on an earlier judgment that has been
>           reversed or vacated; or applying it
>           prospectively is no longer equitable; or (6)
>           any other reason that justifies relief.

Any motion filed pursuant to the first three subsections must be filed within one year from the entry of judgment. Fed. R. Civ. P. 60(c)(1).

The plaintiff does not indicate any subsection of the rule in his motion. In conjunction with his motion, the plaintiff seek leave to file a supplemental complaint. The attached proposed complaint contains additional allegations regarding the plaintiff's religious beliefs and further documents the difficulties he encountered trying to resolve the issue. The court assumes that the plaintiff is attempting to address the court's statement that he failed to allege any facts to address the court's determination in the Initial Review Order that the plaintiff failed to show that any defendant substantially burdened his religion.

The plaintiff's failure to include sufficient allegations to support his claim for violation of his religious beliefs suggests that the motion is filed pursuant to subsection 60(b)(1). As judgment entered in this case on May 4, 2011, the motion is untimely.

Further, even if the motion were considered under subsection 6, the motion should be denied. The plaintiff alleges that he is required to participate in court proceedings via video conference

with special phone access for confidential communication and documents provided by fax.  To the extent that the plaintiff is arguing that this practice violates his religious beliefs, the claim fails.  The plaintiff has provided no evidence showing that this practice imposes a substantial burden on his religious beliefs.  He has not shown that the failure to appear in person at a court proceeding has pressured him to commit an act forbidden by his religion or prevented him from engaging in conduct or having a religious experience mandated by his faith. See Pugh v. Goord, 571 F. Supp. 2d 477, 504-05 (S.D.N.Y. 2008).

The plaintiff's motion to reopen and seeking a preliminary injunction and temporary restraining order [**Doc. #13**] is **DENIED**.

It is so ordered.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut: March 8, 2013.**